IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:16-cv-00226-MR
[CRIMINAL CASE NO. 1:04-cr-00115-MR-DLH-1]

| | |
|---|---|
| MERLE LEROY ADAMS, JR., ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [CV Doc. 1].[1] For the reasons that follow, the Court dismisses the petition.

## PROCEDURAL HISTORY

On July 11, 2005, Petitioner Merle Leroy Adams, Jr., pleaded guilty in this Court to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). [CR Doc. 35: Acceptance and Entry of

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV" denoting that the document is listed on the docket in the civil case file number 1:16-cv-00226-MR, or the letters "CR" denoting that the document is listed on the docket in the criminal case file number 1:04-cr-00115-MR-DLH-1.

Guilty Plea]. In preparation for Petitioner's sentencing hearing, the Probation Office prepared a Presentence Report ("PSR"), noting that Petitioner had at least three prior convictions for violent felonies or serious drug offenses that qualified him as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). [CR Doc. 39: PSR at ¶ 20]. Specifically, the PSR identified the following North Carolina convictions as ACCA predicates: two 1983 convictions for breaking and entering; a 1989 conviction for armed robbery; a 1999 conviction for common law robbery; and a 1982 conviction for assault with a deadly weapon with intent to kill and inflict serious injury. [Id. at ¶ 22]. Based on the ACCA enhancement, Petitioner faced a statutory mandatory minimum of fifteen years and a maximum of life. [Id. at ¶ 86]. On February 8, 2006, the Court sentenced Petitioner to 180 months' imprisonment, to be followed by five years of supervised release. [CR Doc. 41: Judgment]. Petitioner appealed, and on April 4, 2007, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction and sentence. [CR Doc. 65].

Petitioner placed the instant motion to vacate in the prison system for mailing on June 23, 2016, and it was stamp-filed in this Court on June 27, 2016. As his sole claim, Petitioner argues that he was improperly sentenced as an armed career criminal in light of the Supreme Court's decision in

2

Johnson v. United States, 135 S. Ct. 2551 (2015). Specifically, Petitioner contends that he was improperly sentenced as an armed career criminal because his prior North Carolina convictions for common law robbery and breaking and entering have "since been invalidated by Johnson," and he therefore no longer has three predicate convictions supporting his classification as an armed career criminal.[2]

## STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

---

[2] On July 5, 2016, this Court entered an order requiring the Federal Defender to notify the Court whether it intended to file a supplement to Petitioner's pro se motion to vacate pursuant to this Court's Standing Order regarding claims brought under Johnson v. United States, 135 S. Ct. 2551 (2015). [CV Doc. 2]. On July 13, 2016, the Federal Defender notified the Court that it does not intend to enter an appearance on Petitioner's behalf. [CV Doc. 3].

## DISCUSSION

The ACCA provides for a mandatory minimum term of fifteen years in prison for any defendant who violates 18 U.S.C. § 922(g) and who has three previous convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). At the time of Petitioner's sentencing, a "violent felony" was defined to include "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." Id. § 924(e)(2)(B). In 2015, the Supreme Court held in Johnson that the provision defining "violent felony" to include a prior conviction for an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," known as the "residual clause" of the ACCA's "violent felony" definition, is void for vagueness. Johnson, 135 S. Ct. at 2556, 2558. The Supreme Court also held that the clause is void "in all its applications." Id. at 2561. The Court did not strike the remainder of the "violent felony" definition, including the four enumerated offenses and the "force clause" of § 924(e)(2)(B)(i). Id. at 2563.

4

As a result of Johnson, a defendant who was sentenced to a statutory, mandatory minimum term based on a prior conviction that satisfies only the residual clause of the "violent felony" definition is entitled to relief from his sentence. See United States v. Newbold, 791 F.3d 455, 460 (4th Cir. 2015) (holding that the improper imposition of an ACCA-enhanced sentence is an error that is cognizable in a motion to vacate filed under 28 U.S.C. § 2255). Where, however, the prior convictions upon which his enhanced sentence is based qualify as violent felonies under the "force clause" or qualify as one of the four enumerated offenses, no relief is warranted. On April 18, 2016, the Supreme Court held in Welch v. United States, 136 S. Ct. 1257 (2016), that Johnson is retroactively applicable on collateral review to claims that the defendant was improperly sentenced as an armed career criminal.

Here, Petitioner argues that his prior North Carolina convictions for common law robbery and breaking and entering no longer qualify as predicates under Johnson. Although the Court agrees with Petitioner that Petitioner's North Carolina common law robbery conviction no longer qualifies after Johnson, he still has three predicate felonies that properly qualify him as an armed career criminal, even after Johnson. See United States v. Burns-Johnson, 864 F.3d 313, 315 (4th Cir. 2017) (holding that North Carolina robbery with a dangerous weapon qualifies as a violent felony

5

under the ACCA's "force" clause); United States v. Mungro, 754 F.3d 267, 272 (4th Cir. 2014) (holding that North Carolina conviction for "breaking or entering" constitutes a predicate offense under the ACCA because it qualifies as the enumerated offense of "burglary"). Therefore, Petitioner is not entitled to sentencing relief under Johnson.[3]

## CONCLUSION

For the reasons stated herein, the Court denies and dismisses Petitioner's Motion to Vacate.

The Court finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are

---

[3] The Bureau of Prisons website indicates that Petitioner was released on January 19, 2018. Thus, Petitioner is no longer serving his custodial sentence. Nevertheless, because he is serving supervised release, his motion to vacate does not appear to be moot under existing Fourth Circuit precedent. See United States v. Pregent, 190 F.3d 279, 283 (4th Cir. 1999) ("A prisoner on supervised release is considered to be 'in custody' for purposes of a § 2255 motion."); see, e.g., United States v. Mullins, No. 2:99cr10052-2, 2018 WL 1960535, at *1 (W.D. Va. Apr. 26, 2018) (finding that a § 2255 petition based on Johnson and Brown was not moot where petitioner had been released from prison but was serving supervised release), *appeal filed* May 2, 2018.

debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right.  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85 (2000).  As a result, the Court declines to issue a certificate of appealability.  <u>See</u> Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## **O R D E R**

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate [Doc. 1] is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: January 2, 2019

Martin Reidinger
United States District Judge