# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:04-cr-00115-MR-DLH

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| MERLE LEROY ADAMS, JR., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon the Defendant's letter, which the Court construes as a Motion for Early Termination of Supervised Release [Doc. 75].

In July 2005, the Defendant pled guilty pursuant to a written plea agreement to one count of possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). The Defendant was sentenced on February 8, 2006, to a term of 180 months of imprisonment, followed by five years of supervised release. [Doc. 41].

The Defendant now moves the Court to exercise its discretion and terminate his term of supervised release pursuant to 18 U.S.C. § 3583(e)(1). [Doc. 75].

In order to terminate a defendant's term of supervised release, the Court must be "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Upon consultation with the Defendant's supervising probation officer, the Court is not satisfied that termination is warranted under the circumstances. Accordingly, the Court declines to exercise its discretion to terminate the Defendant's term of supervised release at this time.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as a Motion for Early Termination of Supervised Release [Doc. 75] is **DENIED**. The Defendant's term of supervised release shall continue as originally sentenced.

The Clerk is directed to serve a copy of this Order on the Defendant, counsel for the Government, and the United States Probation Office.

Signed: January 20, 2022

**IT IS SO ORDERED.**

Martin Reidinger
Chief United States District Judge